**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nicole Bengiveno, | ) | No. CV-07-01117-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Pulte Home Corporation, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion to dismiss (doc. 7), plaintiff's response (doc. 8), and defendant's reply (doc. 10).

**I.**

For this motion, we accept as true plaintiff's version of the facts. Plaintiff is a professional photographer whose work was used in the promotional materials of two master-planned communities developed by defendant. Plaintiff was retained twice, by two different advertising agencies. First, the Motta Company retained plaintiff to take photographs in 2000 and 2001 to advertise defendant's Parkside community. Later, Publicis retained plaintiff to take photographs in 2002 to advertise defendant's Sun City community.

At all times plaintiff owned the copyright on all of her photographs. Each time plaintiff was retained, she entered into an agreement with the advertising agency, licensing

the use of certain photographs for a limited time in connection with advertising defendant's communities.

In October 2005, plaintiff discovered that defendant was continuing to use photographs from the Parkside "shoot" in advertising materials, though the license had expired two years earlier. Plaintiff then requested that defendant return all images remaining in its possession. Defendant returned all photographs from the Parkside shoot, but has yet to turn over images from the Sun City shoot.

Plaintiff sues for copyright infringement under the United States Copyright Act, 17 U.S.C §§ 101 et seq., breach of contract, and bailment of the unreturned images.

## II.

Defendant contends that the copyright claim is barred by the statute of limitations. A claim under the United States Copyright Act must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). This action was filed on June 5, 2007. Therefore, any infringement claim that accrued before June 5, 2004 is barred. In this circuit, an infringement claim accrues once a plaintiff discovers or should have discovered that a violation has occurred. Kourtis v. Cameron, 419 F.3d 989, 999 (9th Cir. 2005). Plaintiff alleges that in 2005 she discovered infringement in one of defendant's brochures dated 2005. Therefore, plaintiff alleges infringement that was not, and could not have been, discovered before June 5, 2004. Accordingly, plaintiff has stated a copyright claim that is not barred by the statute of limitations.

## III.

Defendant also contends that plaintiff's breach of contract and bailment claims should be dismissed because plaintiff entered into agreements with the advertising agencies only and is therefore not in privity with defendant. Plaintiff alleges, however, that principal–agent relationships between defendant and the advertising agencies make defendant liable on the agreements.

An agent acting within the scope of its authority may bind the principal. Actual agency exists when a principal expressly or impliedly gives an agent authority to act on its

1 behalf. Curran v. Indus. Comm'n, 156 Ariz. 434, 437, 752 P.2d 523, 526 (1988). Apparent
2 agency exists when a "principal has intentionally or inadvertently induced third persons to
3 be believe that [another] was its agent although no actual express authority was conferred on
4 him as an agent." Id. Plaintiff alleges that the advertising agencies represented defendant,
5 that defendant oversaw the photo shoots, and that defendant itself retained possession of and
6 used the licensed images. Thus, plaintiff has alleged that the advertising agencies, at least
7 apparently, acted under the control of the defendant and on the defendant's behalf, which is
8 the essence of agency. See Salt River Valley Water User's Ass'n v. Giglio, 113 Ariz. 190,
9 195, 549 P.2d 162, 167 (1967). Despite the lack of privity, defendant may be liable on the
10 agreements between plaintiff and the advertising agencies on an agency theory.

11 Finally, defendant contends that plaintiff has sued the wrong party. This appears to
12 be an easily remedied technical mistake in the pleading. Plaintiff alleges that the first photo
13 shoot was commissioned by developer, Del Webb Corp., which later merged with Pulte
14 Homes. Defendant counters that Anthem Arizona LLC actually engaged the first advertising
15 company. In any event, Anthem and Del Webb were very closely related, and plaintiff may
16 amend her complaint to add Anthem. Also, plaintiff apparently believed that the merger of
17 Del Webb Corp. with Pulte Homes resulted in defendant Pulte Home *Corporation*. Such an
18 entity does exist, but it is a subsidiary of Del Webb's actual successor, Pulte Homes, *Inc.*
19 Plaintiff may amend her complaint to add this defendant as well.

## IV.

21 For the foregoing reasons, **IT IS HEREBY ORDERED DENYING** defendant's
22 motion to dismiss (doc. 7). Plaintiff shall have to and including November 2, 2007, to amend
23 her complaint. Pursuant to Rule 15(a), Fed. R. Civ. Pro., defendant shall have ten days from
24 the filing of the amended complaint to file an answer. If no amended complaint is timely

1  filed, defendant shall have to and including November 8, 2007, to answer the original
2  complaint.
3      DATED this 25th day of October, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge